IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN MCCARTHY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:04-0312 |
| | ) JUDGE HAYNES |
| THE MIDDLE TENNESSEE ELECTRIC MEMBERSHIP CORPORATION, et al., | ) ) ) |
| Defendants | ) |

**ORDER**

Before the Court is the Plaintiffs' motion to alter or amend (Docket Entry No. 51) asserting that the Court's Order of dismissal failed to consider the Plaintiffs' federal constitutional law claims, and that Defendants are state actors for an actor under 42 U.S.C. § 1983. The Defendants have responded that under federal law, they are not state actors.

In Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 357-59 (1974), the Supreme Court held that a metropolitan utility did not act under color of state law to sustain a claim under 42 U.S.C. § 1983. Mere conduct that is taken pursuant to state law is not state action. Id. at 350. There is not any showing of allegations that satisfy the pervasive intertwinement with public officials as in Brentwood Academy v. Tennessee Secondary School Athletics Assn., 531 U.S. 228, 298 (2001).

To the extent such a showing could be made, Plaintiffs' claims are for alleged denial of property interests for which they have an adequate state remedy and such remedy forecloses a § 1983 remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff's motion to alter or amend (Docket Entry No. 51) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 24th day of July, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge