UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 538
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

FILED
U S DISTRICT COURT
MIDDLE DISTRICT OF TENN
NOV 0 2 2006
DEPUTY CLERK

TELEPHONE
(513) 564-7000

October 31, 2006

George E. Barrett
Edmund L. Carey, Jr.
Timothy L. Miles
Gerald E. Martin
J. Richard Lodge, Jr.
Russell S. Baldwin

Harriet A. Cooper
Frank H. Lancaster
Maria V. Gillen

Re: Case No. 05-6477
*John McCarthy, et al. v. Middle Tennessee Electric Membership Corporation, et al.*
District Court No. 04-00312

Dear Counsel:

Enclosed is a copy of a corrected page from the decision originally sent to you on October 17, 2006. Please make the correction in your publication version as indicated on page 12, line 3 of footnote 25.

Thank you for your cooperation in this matter.

Yours very truly,

Leonard Green, Clerk

By *Linda K. Martin*
(Mrs.) Linda K. Martin
Deputy Clerk

LKM/swh
Enclosure

cc: Honorable William J. Haynes, Jr.
Mr. Roger Milam, lerk
Lexis Nexis
West Publishing Company
Commerce Clearing House, Inc.
Bureau of National Affairs
M. Lee Publishers LLC
Loislaw
Lawyers Weekly

the rationale explicated in *Gordon*. We affirm the district court's dismissal of the plaintiffs' antitrust claims.[25]

### F. Alternative Grounds for Dismissal

The defendants also argue that this court should affirm the district court's grant of their motions to dismiss because the plaintiffs failed to state a claim for a violation of the RECSCA, the Tennessee Trade Practices Act, the Tennessee Consumer Protection Act, or for breach of a fiduciary duty. For each of these state-law claims, the plaintiffs argue that the Cooperatives improperly refused to issue patronage refunds or reduce rates and failed to maintain its patronage records. The underlying premise of the plaintiffs' arguments is that the Cooperatives mismanaged their excess revenue, and mismanagement of funds is typically a derivative claim. *Cato*, 1996 WL 502500, at *6. We need not address the merits of these arguments, because the district court correctly dismissed these claims without prejudice so that the plaintiffs could raise them in a state-law derivative suit.

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the judgment of the district court.

---

[25] In addition, the Cooperatives are empowered to enter into contracts with the TVA pursuant to Tennessee's Rural Electric and Community Services Cooperative Act. TENN. CODE ANN. § 65-25-205. The Supreme Court has recognized a state-action exemption from antitrust liability [handwritten annotation: "liability" with arrow pointing to "immunity"], reasoning that "when a 'state in adopting and enforcing [a regulatory] program . . ., as sovereign, imposed the restraint as an act of government,' the program could not violate the Sherman Act because the Act was directed against 'individual and not state action.'" *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 442 F.3d 410, 440 (6th Cir. 2006) (alteration in original) (quoting *Parker v. Brown*, 317 U.S. 341, 352 (1943)). Because the Cooperatives conduct their activity "pursuant to state authorization," the following test applies: "First, the challenged restraint must be one clearly articulated and affirmatively expressed as state policy; second, the policy must be actively supervised by the State itself." *Id.* at 441 (quoting *Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum*, 445 U.S. 97, 105 (1980)).

With regard to the first prong of the *Midcal* test, we do not require "explicit authorization," *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 535 (6th Cir. 2002) (quoting *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 42-44 (1985)); rather, "[t]he *Parker* exemption applies as long as the suppression of competition is the foreseeable or logical result of what the state authorizes," *id.* Tennessee clearly authorizes the Cooperatives to enter into contracts with the TVA. TENN. CODE ANN. § 65-25-205. In fact, "the general assembly . . . express[ed] its intent that public electric systems replace competition with the monopoly public service." TENN. CODE ANN. § 65-34-108. Tennessee clearly intended to favor cooperatives, and "anticompetitive effects are the logical and foreseeable result" of the statutory scheme. *Mich. Paytel*, 287 F.3d at 536.

There is no indication, though, that Tennessee supervises the electric cooperatives' actions in entering into contracts with the TVA. However, "the active state supervision requirement is not applicable in cases where the actor is a municipality," and there is some argument that "the same should go for cases in which the actor is a 'state agency.'" *Brentwood*, 442 F.3d at 443 n.25; *see also Town of Hallie*, 471 U.S. at 46 n.10 ("In cases in which the actor is a state agency, it is likely that active state supervision would also not be required, although we do not here decide that issue."). *Brentwood* rejected this argument, stating, "circuit precedent suggests that it is only municipalities that are exempt from the second prong of the test." *Brentwood*, 442 F.3d at 443 n.25. However, the "circuit precedent" to which *Brentwood* refers is *Michigan Paytel*, which merely held that private parties are required to satisfy both prongs of the *Midcal* test. *Mich. Paytel*, 287 F.3d at 536.

The Seventh Circuit held that electric cooperatives should be exempt from antitrust liability due to their semi-public status and the fact that their "only purpose is to provide power to [their] members as cheaply as possible." *Fuchs v. Rural Elec. Convenience Coop., Inc.*, 858 F.2d 1210, 1217-18 (7th Cir. 1988), *cert. denied*, 490 U.S. 1020 (1989). *Fuchs* held "that when an entity charged with an antitrust violation is neither a municipality nor a state agency but does not have the attributes of a purely private actor, it may be held immune as a state actor without the active scrutiny of market conditions which is a necessary prerequisite for holding a private entity immune." *Id.* We agree with the Seventh Circuit that the Cooperatives are neither state agencies nor purely private parties, which may require a grant of antitrust immunity in spite of a lack of supervision. However, we do not need to decide today whether the Cooperatives are entitled to immunity without any demonstration of state supervision, because of our conclusion that the TVA is entitled to antitrust immunity.